## PEOPLE v. GORE

1. ROBBERY—ARMED ROBBERY—EVIDENCE—SUFFICIENCY.

   Evidence was ample to sustain a conviction of armed robbery where the victim positively identified defendant as being one of two men who robbed her at gun point; two police officers identified him as one of those leaving the scene of the crime; he was shot while being pursued by the officers; a bystander then apprehended him; and defendant asked the bystander to let him go and he would split the money with him (MCLA § 750.529).

2. CRIMINAL LAW — TRIAL — FINAL ARGUMENT — WAIVER — COURT RULES.

   Waiver of closing argument by defense counsel in a criminal case where there was conflicting evidence was not error because the court rule makes it very clear that parties may rest their case without a final argument (GCR 1963, 507.6).

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 8,762.) Decided August 4, 1970.

Gus Gore was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Lucius M. Patrick,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTES

[1]  46 Am Jur, Robbery §§ 50–54.
[2]  53 Am Jur, Trial §§ 462, 474.

Before: LESINSKI, C. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant was found guilty by the court sitting without a jury of robbery armed* and sentenced to six to ten years in prison.

Two questions are raised by defendant on appeal.

The first is whether there was sufficient evidence to find the defendant guilty beyond a reasonable doubt. At trial the victim positively identified the defendant as being one of the two men who robbed her, at gun point, in her party store, and then exited by a side door when the police arrived. Two police officers identified the defendant as one of those exiting from the side door. One testified that he shot the defendant when chasing him and that he was apprehended by a bystander who observed the police in pursuit of the defendant. The bystander testified that after he caught the defendant, he stated to him, "Look, let me go and I'll split the money with you." The record contains ample evidence to sustain the court's finding. *People* v. *Arither Thomas* (1967), 7 Mich App 103; *People* v. *Walker* (1969), 19 Mich App 569.

The second question is whether it was error for the defense counsel to waive closing argument where there was conflicting evidence. GCR 1963, 507.6 makes it very clear that parties may rest their case without a final argument; therefore, there was no error.

Affirmed.

---

* MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).