PEOPLE v TERRELL

Docket No. 49877. Submitted March 10, 1981, at Detroit.—Decided April 30, 1981.

David N. Terrell was convicted of assault with intent to do great bodily harm less than murder and of possession of a firearm during the commission or attempted commission of a felony, Wayne Circuit Court, Joseph B. Sullivan, J. He appeals, alleging that the trial court erred in allowing improper comment by the prosecution during closing argument and in failing to properly instruct the jury on self-defense. *Held:*

1. The argument of which defendant complained was isolated and could have been cured by a cautionary instruction had defendant raised an objection during trial. In addition, a general instruction was given to disregard the argument as evidence.

2. The trial court properly instructed the jury on the use of deadly force in self-defense. The record reveals that an instruction on the use of nondeadly force was not warranted.

Affirmed.

1. CRIMINAL LAW — APPEAL — IMPROPER CLOSING ARGUMENTS — PRESERVING QUESTION.

Failure of a defendant to object during trial to a prosecutor's isolated improper statement during closing argument precludes review on appeal where any prejudice could have been cured by a cautionary instruction.

2. CRIMINAL LAW — JURY INSTRUCTIONS — SELF-DEFENSE.

A trial court must instruct a jury on a defendant's theory of a case where there is evidence to support it, and where there is clear and uncontested evidence of an element of self-defense the trial court must instruct the jury, *sua sponte,* regarding self-defense.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 173, 193.
[2] 75 Am Jur 2d, Trial §§ 643, 651, 654.
[3] 6 Am Jur 2d, Assault and Battery §§ 3, 53, 54.

3. Words and Phrases — Jury Instructions — Deadly Aggressors — Nondeadly Aggressors.

Michigan Criminal Jury Instructions define a deadly aggressor as one who begins an assault upon another with deadly force or with a dangerous or deadly weapon and a nondeadly aggressor as one who so assaults with fists or a nondeadly weapon (CJI 7:9:04, 7:9:05).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Sheila N. Robertson,* Assistant State Appellate Defender, for defendant on appeal.

Before: V. J. Brennan, P.J., and M. J. Kelly and D. C. Riley, JJ.

Per Curiam. Defendant, David Nelson Terrell, was convicted of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of or attempted commission of a felony contrary to MCL 750.84; MSA 28.279 and MCL 750.227b; MSA 28.424(2). He was sentenced to terms of one year and two years of imprisonment respectively.

Defendant was charged with shooting Donell Davis Stallworth in the leg on August 19, 1979. His theory of the case at trial was one of self-defense. Defendant's appeal of right raises two claims.

Defendant contends he was denied a fair trial by the prosecution's improper arguments to the jury. He challenges the following portion of the prosecution's closing remarks:

"Here the defendant, by his own admission, said that

he was the aggressor. He went home to get a gun. The incident that happened a week before with the towel or the bedspread, that's no grounds for self-defense in this case. As a matter of fact, ladies and gentlemen, when a person like this is really dangerous like this defendant —because he doesn't think he did anything wrong—can you imagine if people in society went around doing what he did, having altercations and going around shooting somebody in the leg? Permanent disability. Mr. Terrell is a dangerous man."

Since defendant failed to object to the argument at trial, this Court will not reverse defendant's conviction on this claim. This isolated instance of improper argument could have been cured by a cautionary instruction had defendant objected at trial. *People v Rojem,* 99 Mich App 452; 297 NW2d 698 (1980). Furthermore, a general instruction was given to the jury that the attorneys' arguments should not be regarded as evidence.

Defendant also claims that the trial court failed to present adequately his defense to the jury because the self-defense instructions were not tailored to the evidence developed at trial. The facts do not support defendant's argument. Jury instructions must include the defendant's theory of the case if there is evidence to support it. *People v Hoskins,* 403 Mich 95; 267 NW2d 417 (1978). Where evidence of an element of self-defense is clear and uncontested, it is error to fail to instruct on that element even in the absence of a request therefor. See *People v Kerley,* 95 Mich App 74; 289 NW2d 883 (1980).

Defendant and the complainant, Stallworth, had been feuding for several years. The two men had had altercations in the past, and defendant claimed that he was afraid of Stallworth and had gone so far as to enlist in the army to get out of Inkster and away from the man. On the day of the

shooting, defendant had seen Stallworth at a local park and left the park to go home to get a gun because he was planning on shooting Stallworth. On his way back to the park, he saw the complainant's car at a traffic light headed the other way. Defendant turned his car around and followed Stallworth to a third person's house. When Stallworth got out of his car to go up to the house, defendant approached him and shot him twice in the leg.

The trial court gave an instruction on use of deadly force in self-defense similar to CJI 7:9:01. Defendant argues that an instruction on use of nondeadly force in self-defense was required, although he raised no objection at trial. His argument must fail because the uncontroverted evidence presented at trial does not support an instruction on use of nondeadly force.

The Michigan Criminal Jury Instructions define a deadly aggressor as one who begins an assault upon another with deadly force or with a dangerous or deadly weapon. CJI 7:9:04. A nondeadly aggressor is defined as one who assaults with fists or a nondeadly weapon. CJI 7:9:05. Defendant admitted on the stand at trial that he was the aggressor on that occasion. Furthermore, the instruction which defendant claims that the trial court should have given, *sua sponte,* is not supported by the facts since there was no assault on defendant by the complainant. Therefore, the rule in *Hoskins, supra,* and *Kerley, supra,* does not apply, and no error requiring reversal occurred.

Defendant's convictions hereby are affirmed.