PEOPLE v BURNS

Docket No. 54086. Submitted May 6, 1982, at Detroit.—Decided July 20, 1982.

Stanley Burns was convicted of armed robbery and possession of a firearm during the commission of a felony, Recorder's Court of Detroit, Michael J. Connor, J. Defendant appeals, alleging that he received ineffective assistance of counsel, that the trial court erred in allowing testimony containing alleged hearsay, and that certain comments by the prosecutor constituted error. *Held:*

· 1. Failure of defense counsel to challenge a search of defendant was not improper where the testimony indicates that the police were justified in searching the defendant and the area under his car when they placed him under arrest. Counsel's failure to object to certain testimony, his failure to cross-examine two of the witnesses, and his waiver of final argument were all legitimate trial tactics. Defendant has failed to show that he was denied effective assistance of counsel.

2. The testimony of three witnesses regarding statements

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 985.
  Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.
[2] 68 Am Jur 2d, Searches and Seizures §§ 44, 45, 56, 88.
  "Furtive" movement or gesture as justifying police search. 45 ALR3d 581.
[3] 5 Am Jur 2d, Appeal and Error § 772.
  75 Am Jur 2d, Trial § 30.
[4] 75 Am Jur 2d, Trial § 213.
  Adequacy of defense counsel's representation of criminal client regarding argument. 6 ALR4th 16.
[5, 6] 29 Am Jur 2d, Evidence §§ 493, 497.
[6] 29 Am Jur 2d, Evidence § 496.
[7] 5 Am Jur 2d, Appeal and Error § 772.
  76 Am Jur 2d, Trial § 1080.
[8] 75 Am Jur 2d, Trial § 317.
[9] 21A Am Jur 2d, Criminal Law § 799.
  Pretrial requirement that suspect or accused wear or try on particular apparel as violating constitutional rights. 18 ALR2d 796.

made by an unidentified witness, who following the robbery had telephoned the store which was robbed and given a description of the robber and the getaway car, was not hearsay in regard to two of the witnesses and was admissible as a present sense impression exception to the hearsay rule in regard to the third witness.

3. At trial, the prosecutor was permitted to request the defendant to put on a stocking mask. The trial court had previously ruled that it would not allow the defendant to do so. The prosecutor told the jury the defendant had refused to do so. The defendant requested a mistrial which the trial court refused to grant. The court did, however, instruct the jury to ignore the prosecutor's comments. The court did not abuse its discretion in denying the motion for a mistrial.

Affirmed.

1. CRIMINAL LAW — INEFFECTIVE ASSISTANCE OF COUNSEL — ATTORNEY AND CLIENT.

A two-fold test is applied in analyzing a claim of ineffective assistance of counsel: first, it must be determined if counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and whether he conscientiously protected his client's interest undeflected by conflicting considerations; if so, it must be determined whether he made a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

2. SEARCHES AND SEIZURES — JUSTIFICATION FOR SEARCH.

A police officer had ample justification for conducting a search of a defendant and the area under his car where, upon approaching defendant, the officer observed what appeared to be a gun in the defendant's hand and the defendant, who was standing next to his car, crouched down and slid the object under the car.

3. APPEAL — TRIAL STRATEGY.

The Court of Appeals will not substitute its judgment for that of trial counsel in matters of trial strategy.

4. TRIAL — WAIVER OF FINAL ARGUMENT.

Defense counsel's waiver of final argument is not error constituting ineffective assistance of counsel.

5. EVIDENCE — HEARSAY.

Hearsay is a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth

of the matter asserted; it is inadmissible except as provided by the Michigan Rules of Evidence (MRE 802).

6. EVIDENCE — HEARSAY — PRESENT SENSE IMPRESSION.

A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition or immediately thereafter is not excluded by the hearsay rule even though the declarant is available as a witness (MRE 803[1]).

7. CRIMINAL LAW — MISTRIAL — APPEAL.

The grant or denial of a mistrial rests within the sound discretion of the trial court, and the Court of Appeals will reverse a trial court's denial of a motion for a mistrial only where the denial was so grossly in error as to deprive the defendant of a fair trial.

8. CRIMINAL LAW — PROSECUTOR'S COMMENTS — HARMLESS ERROR.

An improper remark of a prosecutor may be rendered harmless if the trial court gives a proper cautionary instruction to the jury.

9. CRIMINAL LAW — RIGHT TO REMAIN SILENT — PROSECUTOR'S COMMENTS.

Requiring a defendant to put on certain items of clothing, for identification purposes, does not infringe upon his right to remain silent, and a prosecutor's comments on a defendant's refusal to do so do not violate the defendant's right against self-incrimination and may be rendered harmless by an instruction to the jury to ignore the comments.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*R. Steven Whalen,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

PER CURIAM. Defendant Stanley Burns was con-

victed of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to between 20 to 50 years imprisonment on the armed robbery charge, and a consecutive 2 years for the felony-firearm violation. He appeals as of right, GCR 1963, 806.1.

On May 22, 1980, a man wearing a stocking over his head, gloves, and carrying a gun robbed a Lawson's Party Store in Northwest Detroit. Approximately one hour later, defendant was arrested a few miles away from the store while he was standing next to his car. A search of his car revealed a gun, nylon stocking, and gloves. He was charged with the robbery.

During the trial, the trial court allowed the prosecutor to elicit allegedly hearsay testimony from three witnesses. The testimony concerned statements made by an unidentified man which warned of the robbery and later described the getaway vehicle. When the prosecutor requested that the defendant place a nylon stocking over his face so that a witness could identify him, the trial court refused the request. However, the trial court did permit the prosecutor to make the request in front of the jury. While making the request, the prosecutor stated that defendant refused to put the nylon stocking on. Defense counsel objected, moving for a mistrial, but the trial court instructed the jury to disregard the prosecutor's remark. In support of an alibi defense, defendant's mother claimed he was home at the time of the robbery. The jury found defendant guilty on both counts.

I

On appeal, defendant claims he was denied effective assistance of counsel. When analyzing claims

of ineffective assistance of counsel, we apply the bifurcation test announced in *People v Garcia*, 398 Mich 250; 247 NW2d 547 (1976), *reh den* 399 Mich 1041 (1977). Initially, we must decide if defense counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and determine if he conscientiously protected his client's interest undeflected by conflicting considerations. *Id.,* 264. If defense counsel has met this standard, we must then determine whether he made a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal. *Id.,* 266. See *People v Degraffenreid*, 19 Mich App 702; 173 NW2d 317 (1969).

Turning to the first part of the *Garcia* test, an examination of the trial transcript discloses that counsel made a preliminary motion to suppress evidence of defendant's prior convictions. During the jury voir dire, he asked several questions and excused 15 jurors peremptorily. Counsel made an opening statement, effectively examined and cross-examined witnesses, made numerous objections and moved for a mistrial when he thought the prosecutor made improper remarks. Finally, he presented defendant's case including defendant's mother as an alibi witness.

Defendant raises a number of alleged errors which he claims demonstrate his counsel's ineffectiveness. First defendant argues that his counsel should have challenged the search of defendant and his car as violative of the Supreme Court's ruling in *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The police officer testified that he observed defendant with what appeared to be the butt of a gun in his hand and then observed him crouch down and slide the object under his

car. Under these facts, the police had ample justification for conducting a *Terry*-type search of defendant. We cannot say that counsel was ineffective when he failed to challenge the search.

Defendant also claims that trial counsel displayed a lack of knowledge with the basic rules of evidence. This argument is not substantiated by the record. Counsel protected the record and made numerous objections, including a number of objections to alleged hearsay. Defendant's appellate argument is based upon certain police radio broadcasts which trial counsel offered into evidence but which the court suppressed prior to trial. When the prosecutor began to question a police officer about the transmissions, defense counsel did not object until the trial court called the objection to his attention. Defense counsel's failure to object to this testimony does not display a lack of familiarity with the rules of evidence, but rather is consistent with trial strategy to present the jury with the contents of the radio transmissions. We will not substitute our judgment for that of trial counsel in matters of trial strategy. *People v Lotter,* 103 Mich App 386, 390; 302 NW2d 879 (1981). For the same reason, we reject defendant's assertion that defense counsel's failure to cross-examine two police officers amounts to ineffective assistance of counsel. Counsel cross-examined other prosecution witnesses and, while there may have been questions he could have asked the officers, the decision not to cross-examine was a legitimate trial tactic.

Finally, we do not find that counsel's waiver of final argument amounted to ineffective assistance of counsel under the first part of the *Garcia* test. It is not error for defense counsel to waive his final argument. *People v Gore,* 25 Mich App 700, 701;

181 NW2d 654 (1970). Defendant has failed to demonstrate that defense counsel did not perform at least as well as a lawyer with ordinary skill and training in the criminal law.

Defendant's argument also fails under the second prong of the *Garcia* test. Appellate counsel relies on trial counsel's failure to make a final argument to support this issue. Because appellate counsel for defendant failed to move for a hearing pursuant to *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973), we are left to speculate on the reasons why defense counsel failed to make a closing argument. We can only assume that defense counsel's decision was a matter of trial strategy which we will not question. Defendant was provided with effective assistance of counsel in this case.

## II

Defendant also argues that the trial court erred when it allowed three prosecution witnesses to testify concerning certain hearsay statements made by an unidentified and unproduced witness. Prior to the robbery, the store manager and another store employee were approached by a man who told them that he had seen two suspicious people who might rob the store. Shortly after the robbery, the employee received a call from the same man asking if the store had been robbed. The employee gave the phone to the manager who in turn gave it to the police officer who had arrived to investigate the robbery. Although the unidentified man refused to give his name, he did give the officer a description of the driver and the vehicle used by the robber. During the trial, the prosecution, over defense counsel's objection, was

allowed to elicit testimony from each of the three witnesses concerning the unidentified witness's testimony.

Hearsay is a statement, other than one made by the declarant while testifying at the trial, offered in evidence to prove the truth of the matter asserted. MRE 801(c); *People v Eady,* 409 Mich 356, 360; 294 NW2d 202 (1980). Hearsay evidence is inadmissible except as provided by the Michigan Rules of Evidence. MRE 802, *Eady, supra,* 361. One exception to the hearsay rule is testimony concerning a witness's present sense impression, MRE 803(1). That rule states:

> "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> "(1) *Present sense impression.* A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

Examining the alleged hearsay testimony, we find that the testimony of the manager and employee was not hearsay. Their testimony concerning the unidentified witness's warning was not being used to prove the truth of the matter asserted. Furthermore, even if the testimony was hearsay, it was harmless because the prosecution presented evidence that the store was robbed. However, the testimony of the police officer was hearsay. Although it was hearsay, it was admissible as a present sense impression since it was made immediately after the unidentified witness perceived the robbery and was a description of the event. Therefore, the trial court did not err when it allowed the witnesses to testify about statements made by an unidentified witness.

III

Defendant's final allegation of error concerns certain statements made by the prosecutor. While examining a witness, the prosecutor asked her to identify defendant. The witness indicated that she would like to see defendant wearing a stocking mask so that she could make an accurate identification. Defense counsel objected and, out of the presence of jury, the trial court stated that it would not allow the witness to identify defendant with a stocking mask in front of the jury. The trial court did, however, permit the prosecutor to make his request in front of the jury. When the jury returned, the prosecutor made the request and then told the jury that defendant refused to wear a stocking mask. Defense counsel objected and moved for a mistrial. The trial court sustained the objection but instead of granting a mistrial it instructed the jury to disregard the prosecutor's comments.

The grant or denial of a mistrial rests within the sound discretion of the trial court. *People v Marsh,* 108 Mich App 659, 676; 311 NW2d 130 (1981). We will reverse a trial court's decision only where denial of the motion was so grossly in error as to deprive defendant of a fair trial. *Id.* Where a prosecutor makes an improper remark, the error is harmless if the trial court gives a proper cautionary instruction to the jury. *People v Terrell,* 106 Mich App 319, 321; 308 NW2d 183 (1981), *People v Pomranky,* 62 Mich App 304, 311-312; 233 NW2d 263 (1975), *lv den* 397 Mich 823 (1976).

The trial court did not abuse its discretion in this case. While the prosecutor's comment concern-

ing defendant's refusal was improper, it was cured by the trial court's instructions. We also reject defendant's contention that the prosecutor's remark was a comment on defendant's silence in violation of *People v Bobo*, 390 Mich 355; 212 NW2d 190 (1973). Requiring a defendant to put on certain items of clothing does not infringe upon his right to remain silent. *People v Markley*, 99 Mich App 658, 662; 298 NW2d 615 (1980). Comments on defendant's refusal would not violate his right against self-incrimination. Furthermore, the jury was instructed to ignore the prosecutor's comment. Therefore, no error occurred.

Defendant's convictions are affirmed.