PEOPLE v HOBBS

Docket No. 62704. Submitted February 9, 1983, at Lansing.—Decided
April 18, 1983.

Charles Hobbs was convicted of delivery of cocaine, Washtenaw
Circuit Court, Ross W. Campbell, J. The defendant appealed
alleging that: (1) the prohibition against double jeopardy was
violated when he was tried a second time after a mistrial was
declared following a hung jury in a first trial, (2) the prohibi-
tion against double jeopardy was violated because before his
first trial commenced the charges against him were dismissed
and then reinstated, and (3) error requiring reversal occurred
because the prosecutor was permitted to introduce, for im-
peachment purposes, evidence which was obtained by the use of
a participant monitoring device without a warrant having been
obtained. *Held:*

1. The constitutional protections of the Double Jeopardy
Clause were not violated where the defendant was retried
following a mistrial because of a hung jury in the first trial.

2. The prohibition against double jeopardy was not violated
where, before the first trial commenced, the charges against the
defendant were dismissed and then reinstated because jeopardy
had not attached at that time.

3. Error requiring reversal did not occur where the prose-
cutor was permitted to introduce for impeachment purposes
evidence which was obtained by the use of a participant moni-
toring device without a warrant having been obtained. Because
the defendant did not participate in the monitored conversation
and the conversation did not take place on premises owned or
occupied by the defendant it is not clear that the defendant has
standing to raise that issue. Even assuming that the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 303.
[2] 20 Am Jur 2d, Courts § 186.
[3] 21 Am Jur 2d, Criminal Law § 260.
[4] 5 Am Jur 2d, Appeal and Error §§ 601, 602.
[5] 29 Am Jur 2d, Evidence §§ 434, 435.
  Admissibility, in criminal prosecution, of evidence secured by me-
  chanical or electronic eavesdropping device. 97 ALR2d 1283.

had standing to raise the issue, the evidence was admitted solely for impeachment purposes and the purpose of the exclusionary rule would not be furthered by precluding the use of that evidence solely for the purpose of impeaching the credibility of the defendant.

Affirmed.

1. CRIMINAL LAW — DOUBLE JEOPARDY.

The constitutional protections against double jeopardy do not prohibit the retrial of a defendant where a mistrial is declared because of a hung jury (US Const, Am V; Const 1963, art 1, § 15).

2. COURTS — COURT OF APPEALS — SUPREME COURT.

The Court of Appeals is powerless to overturn a Supreme Court holding.

3. CRIMINAL LAW — DOUBLE JEOPARDY.

Jeopardy attaches when a jury has been impaneled and sworn (US Const, Am V; Const 1963, art 1, § 15).

4. EVIDENCE — APPEAL.

The Court of Appeals is precluded from reviewing an issue regarding the admissibility of certain evidence where there was no objection to the admission of such evidence in the trial court, absent manifest injustice.

5. EVIDENCE — IMPEACHMENT.

The purpose of the exclusionary rule would not be furthered by precluding the use of evidence obtained by the use of a participant monitoring device without a warrant for the purpose of impeaching a defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Joseph F. Burke,* Assistant Prosecuting Attorney, for the people.

*Michael Courtney,* for defendant.

Before: DANHOF, C.J., and V. J. BRENNAN and N. A. BAGULEY,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

Danhof, C.J. Defendant was convicted of delivery of the controlled substance cocaine in violation of MCL 333.7401; MSA 14.15(7401), following a jury trial. He was sentenced to two years probation, with the first 36 days to be served in jail. Defendant appeals his conviction as of right.

Defendant's first trial on this charge ended in a mistrial when the jury was unable to reach a verdict. The second trial commenced just over one month later. He complains that retrial violated his right against twice being placed in jeopardy. US Const, Am V; Const 1963, art 1, § 15.

Defendant does not complain that the trial court erred in declaring a mistrial or in its finding that the jury was unable to reach a verdict. Rather, he claims that retrial may never take place where the basis of the declaration of a mistrial is a hung jury. The United States Supreme Court and the Michigan Supreme Court have ruled otherwise. *United States v Scott,* 437 US 82, 92; 98 S Ct 2187; 57 L Ed 2d 65 (1978); *People v Anderson,* 409 Mich 474, 482-484; 295 NW2d 482 (1980), *cert den* 449 US 1101; 101 S Ct 896; 66 L Ed 2d 827 (1981). Even if we disagreed with those decisions, which we do not, we are powerless to overturn them. *Schwartz v City of Flint (After Remand),* 120 Mich App 449; 329 NW2d 26, 32 (1982).

Defendant also complains that the prohibition against double jeopardy was violated because, several months prior to the time his first trial commenced, charges were dismissed and then reinstated. Jeopardy had not attached at that time. *People v Anderson, supra,* p 482. Therefore, this claim must also be rejected.

Defendant next complains that reversible error occurred when the prosecutor was permitted to introduce, for impeachment purposes, evidence

which was obtained by the use of a participant monitoring device and which was obtained without the procurement of a warrant. See *People v Beavers,* 393 Mich 554; 227 NW2d 511 (1975), *cert den* 423 US 878; 96 S Ct 152; 46 L Ed 2d 111 (1975).

At trial, although defendant denied that he took part in the transaction, he admitted that he was present when a transaction took place between an undercover police officer and Jay Z. Winter. However, he denied that he knew that cocaine was the subject of that transaction. He claimed that he thought that the police officer was purchasing packets containing jewelry. On rebuttal, the prosecutor questioned another police officer who had been monitoring the proceedings through the use of an electronic device attached to the undercover officer. The monitoring officer testified that, when the undercover officer entered the house, he asked Winter in a loud voice, "You got the coke?" Winter responded by telling defendant to "take care" of the undercover officer.

Defendant did not object to the admission of the evidence. Therefore, the issue is not properly before the Court. *People v Baker,* 114 Mich App 524, 529-530; 319 NW2d 597 (1982). Our review is precluded in the absence of a showing of manifest injustice.

The conversation about which defendant complains was a conversation which took place between the undercover police officer and Winter. Defendant did not participate in that conversation. Furthermore, the conversation did not take place on premises owned or occupied by defendant. Therefore, it is not clear that defendant has standing to object to the admission of the evidence. *People v Atkins,* 96 Mich App 672, 677; 293 NW2d 671 (1980).

Even assuming that defendant did have standing to raise this objection, we note that the evidence was only introduced for impeachment purposes. The Michigan Supreme Court's position is unclear concerning the issue of whether the Michigan Constitution permits evidence which would be constitutionally inadmissible as substantive evidence to be introduced for impeachment purposes. Compare *People v Esters,* 417 Mich 34; 331 NW2d 211 (1982), with *People v Graham,* 386 Mich 452; 192 NW2d 255 (1971). It is clear that under the federal constitution such evidence is generally admissible for impeachment purposes irrespective of whether it is obtained as the result of an illegal search and seizure, see *United States v Havens,* 446 US 620; 100 S Ct 1912; 64 L Ed 2d 559 (1980), or as a result of a *Miranda*[1] violation, *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971); *Oregon v Hass,* 420 US 714; 95 S Ct 1215; 43 L Ed 2d 570 (1975). Furthermore, federal courts have permitted the use of such evidence for impeachment where it was obtained as a result of an illegal wiretap in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (18 USC 2510-2520). See *Jacks v Duckworth,* 651 F2d 480, 484 (CA 7, 1981), *cert den* 454 US 1147; 102 S Ct 1010; 71 L Ed 2d 300 (1982).

Although we are not bound by the federal decisions on this issue since *Beavers, supra,* was decided as a matter of state constitutional law, we are persuaded by the logic of those decisions. In our opinion, the purpose of the exclusionary rule will not be furthered by precluding the use of this evidence solely for the purpose of impeaching the credibility of defendant. *Beavers, supra,* only in-

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

volved the use of such evidence during the prosecution's case in chief. In the absence of a directive by the Supreme Court to the contrary, we are unwilling to extend the holding of *Beavers, supra,* to preclude the use of this type of evidence where it is introduced solely for the purpose of impeachment.

We have examined defendant's remaining claims of error and find them to be without merit. *People v Jansson,* 116 Mich App 674, 693-694; 323 NW2d 508 (1982); *People v Burns,* 118 Mich App 242, 246-247; 324 NW2d 589 (1982).

Affirmed.