PEOPLE v HATCH

Docket No. 61788. Submitted February 4, 1983, at Lansing.—Decided June 7, 1983.

Carl Hatch, Jr., was convicted of delivery of less than 50 grams of heroin following a jury trial in Washtenaw Circuit Court, Ross W. Campbell, J. Defendant thereafter entered a plea of guilty to being a second offender and was sentenced accordingly. Defendant appeals, arguing that reversal is mandated by the failure of the prosecutor to abide by the provisions of the trial court's discovery order, by the failure of the trial court to give certain requested instructions, by the admission as rebuttal of testimony concerning statements made by the defendant which had been heard by the police through a concealed transmitter, and by the fact that he should have been sentenced pursuant to the enhanced sentence provisions of the controlled substances section of the Public Health Code rather than being charged as a second offender. *Held:*

1. While the prosecutor's failure to disclose to defense counsel prior to trial the fact of the dismissal of certain traffic tickets and the payment of $50 to a prosecution witness cannot be condoned, the error in failing to abide with the discovery order was harmless error in that those matters were fully brought out at trial and the defendant's defense was not adversely affected by the prosecutor's omission in failing to comply with the discovery order.

2. The Criminal Jury Instruction that if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is the jury's duty to accept the construction indicating innocence is applicable only where the circumstantial evidence against the defendant is weak. Since the evidence in this case included both direct evidence and strong circum-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 776 *et seq.*
   23 Am Jur 2d, Depositions and Discovery § 427.
[2] 75 Am Jur 2d, Trial § 843 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 894.
[4] 5 Am Jur 2d, Appeal and Error § 891 *et seq.*
   75 Am Jur 2d, Trial § 827.
[5] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

stantial evidence, the trial court properly refused to give the requested instruction.

3. The instructions given by the trial court incorporated the substance of the requested Criminal Jury Instruction. Reversal is not mandated by the failure of the court to give the specific language requested.

4. The rebuttal testimony concerning statements made by the defendant which had been transmitted from a hidden transmitter attached to the body of a police officer was properly admitted. The absence of a search warrant was excusable, since the defendant was not the original target of the investigation and the transmitter was attached to the officer for his own protection rather than to collect information.

5. Defendant made no objection below to being charged as a second offender rather than being sentenced under the enhanced sentence provisions of the controlled substances section of the Public Health Code. Indeed, he pled guilty to the second offender charge. Absent a showing of manifest injustice, the failure to object below precludes appellate review. Since any error in proceeding under the second offender statute rather than the sentencing provisions of the controlled substances section of the Public Health Code inured to the benefit of the defendant, manifest injustice has not been shown.

Affirmed.

1. PROSECUTING ATTORNEYS — VIOLATION OF DISCOVERY ORDERS — HARMLESS ERROR.

Violation of a discovery order by a prosecutor, even where done inadvertently and in good faith, is grounds for reversal on appeal absent clear evidence that the failure to divulge the information which was the subject of the discovery order was harmless beyond a reasonable doubt; harmless error results where the evidence which was subject to the discovery order is fully brought out at trial and the failure to comply with the discovery order did not unduly prejudice the trial preparation of defense counsel.

2. CRIMINAL LAW — JURY INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.

A jury instruction that if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is the jury's duty to accept the construction indicating innocence is appropriate only in cases where the circumstantial evidence against the defendant is weak; a trial court did not err in

refusing to give such instruction where there was substantial direct evidence against the defendant (CJI 3:1:10[7]).

3. APPEAL — JURY INSTRUCTIONS.

Jury instructions must be examined as a whole when reviewing the instructions for alleged error.

4. CRIMINAL LAW — JURY INSTRUCTIONS — TESTIMONY — REASONABLE DOUBT.

The failure to specifically give the Criminal Jury Instruction that the jurors must accept the testimony favorable to the defendant if they have a reasonable doubt as to what testimony to believe does not mandate reversal where the trial court instructs the jury that they are the sole judges of the facts presented and the credibility and that the burden of proof is on the prosecutor, defines for the jury the meaning of reasonable doubt, and tells the jury that they must acquit the defendant if after hearing all the evidence they still entertain a reasonable doubt (CJI 3:1:12[3]).

5. APPEAL — PRESERVING QUESTION — MANIFEST INJUSTICE — HABITUAL OFFENDERS — CONTROLLED SUBSTANCES ACT.

The Court of Appeals will not reverse a criminal conviction where the appellate claim involves an alleged error which was not raised in the trial court absent a showing that the absence of appellate review will result in manifest injustice; manifest injustice is not established where the defendant pleads guilty to being a second offender and is sentenced as such rather than being sentenced under the enhanced sentence provisions of the controlled substances section of the Public Health Code, since any error inured to the benefit of the defendant (MCL 333.7413[2], 769.10; MSA 14.15[7413][2], 28.1082).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Mary E. Morris,* for defendant.

Before: T. M. BURNS, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Defendant was convicted by a jury

of delivery of less than 50 grams of heroin. MCL 333.7401, subds (1), (2)(a)(iv); MSA 14.15(7401), subds (1), (2)(a)(iv). One week later, defendant pled guilty to being an habitual offender on the basis of one previous felony conviction. MCL 769.10; MSA 28.1082. The trial judge sentenced defendant to a term of from 2 to 20 years imprisonment on the delivery of heroin charge. That sentence was immediately vacated, and defendant was sentenced as an habitual offender to a term of from 2 to 30 years imprisonment. Defendant appeals as of right, raising four issues.

Defendant first argues that the trial court erred by denying defendant's motion to dismiss based on the prosecutor's failure to comply with the court's order granting defendant discovery. When a prosecutor violates a discovery order, even if done inadvertently and in good faith, reversal is mandated unless it is clear that the failure to divulge was harmless beyond a reasonable doubt. *People v Pace,* 102 Mich App 522, 532-533; 302 NW2d 216 (1980).

It is clear that the prosecutor violated the court's discovery order by failing to inform defense counsel that witness Joe Hill's traffic tickets were dismissed and that he was paid $50 in return for assisting the police. Although the prosecutor's actions are not condoned, it appears that any error resulting from the prosecutor's omission was harmless beyond a reasonable doubt. The jury was made aware that Hill had been offered two inducements in exchange for helping the police find heroin dealers. Although defendant claims on appeal that defense counsel could have more carefully investigated Hill's background if she had been aware of the inducements offered to Hill, she was never in fact prevented from conducting such

an investigation. Additionally, defense counsel conducted a thorough and effective cross-examination of the witness, during which she brought out both the dismissal of the traffic tickets and the $50 payment. The ticket-clearing was also discussed during the prosecutor's opening statement and Hill's testimony on direct examination. Hill was not a professional informant but was working for the police during this incident only. He was not contacted by the police after the incident involving defendant.

There is no showing made on appeal that any fact exists relative to Hill's credibility which could have been brought out if the prosecutor had fully complied with the discovery order and which would have had any impact on the defense presented. Accordingly, reversal is unwarranted on this ground.

Defendant also argues that the trial court erred by refusing to give CJI 3:1:10 (Mixed Direct and Circumstantial Evidence) and CJI 3:1:12 (Witnesses—Conflicting Testimony) in their entirety. The court agreed to give both instructions except for subparagraph (7) of CJI 3:1:10 and subparagraph (3) of CJI 3:1:12. Apparently, the Washtenaw circuit bench believes these subparagraphs do not correctly state the law of Michigan.

CJI 3:1:10(7) reads:

"If the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

This Court, when confronted with the identical issue in *People v Freeland,* 101 Mich App 501, 505; 300 NW2d 616 (1980), held:

"General use of this instruction in cases involving circumstantial evidence would make it extremely difficult to obtain convictions. See, *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). We believe its use is properly confined to cases where, unlike the present case, the circumstantial evidence against a defendant is weak."

See, also, *People v Peete,* 113 Mich App 510, 515-516; 317 NW2d 666 (1982).

In this case, there was both direct and circumstantial evidence. The undercover police officer testified that defendant directed the officer to the place where the heroin sale took place, knowing that the officer was interested in making a purchase, and that defendant facilitated the sale between the ultimate source, a man called "Brownie", and the officer. The police informant corroborated the officer's story. Given the nature of the direct evidence and the strength of the circumstantial evidence, we find no error in this case in the trial court's refusal to give subparagraph (7) of CJI 3:1:10.

CJI 3:1:12(3) reads:

"However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant."

Where error in the court's instructions is alleged, the instructions must be examined as a whole. *People v Johnson,* 93 Mich App 667, 670; 287 NW2d 311 (1979); *People v Choate,* 88 Mich App 40, 45; 276 NW2d 862 (1979), *lv den* 406 Mich 940 (1979). In this case, the jury was instructed that they alone were to judge the facts presented and the credibility of the witnesses and that they were the sole determiners of the weight, effect and

value of the evidence and of the extent to which evidence and each witness should be believed. The trial judge instructed the jury as to the prosecutor's burden and the meaning of "reasonable doubt". Finally, the trial judge told the jury that if after hearing all of the evidence they still entertained a reasonable doubt they must acquit the defendant. The trial judge therefore instructed the jury adequately on the burden of proof, the elements of the crime charged, and the responsibilities and duties of the jury. The judge's refusal to give CJI 3:1:12(3) in itself is not sufficient under these circumstances to support defendant's claim of error requiring reversal.

We also reject defendant's third allegation of error. The trial court did not err by admitting rebuttal testimony concerning defendant's statements even though no search warrant had been obtained prior to the use of the transmitter through which the statements had been heard. See *People v Graham*, 386 Mich 452; 192 NW2d 255 (1971). We note that the undercover police officer and Hill both testified that defendant was not the original target of their investigation. It became apparent only after defendant began talking to them that he was a possible suspect for investigation. Defendant told the officer and Hill that he knew where they could "cop", *i.e.*, obtain drugs, and offered to go with them. Further, the transmitter was attached to the officer for his own protection and not to collect incriminating statements by others.

Although defendant relies on *People v Beavers*, 393 Mich 554; 227 NW2d 511 (1975), to support his claim that evidence of his conversation with the officer should have been suppressed, *Beavers* does not control in this case. The Court in *Beavers* held

that transmitted conversation obtained without a search warrant could not be admitted as part of the prosecutor's case in chief. The issue of its admissibility as rebuttal evidence did not arise.[1]

Finally, we reject defendant's fourth allegation of error. On appeal, defendant argues that he was improperly charged under the habitual offender statute rather than under the controlled substance sentence enhancement statute. MCL 333.7413(2); MSA 14.15(7413)(2). Defendant failed to object to the supplemental charge before or at the plea proceedings. Absent a showing of manifest injustice, this Court will not reverse a defendant's conviction on the basis of an alleged error for which no objection was made in the trial court. *People v Beard,* 78 Mich App 636, 638; 261 NW2d 27 (1977), *lv den* 402 Mich 930 (1978); *People v Cain,* 67 Mich App 433, 438; 241 NW2d 233 (1976), *lv den* 397 Mich 820 (1976). Defendant makes no showing of manifest injustice here. To the contrary, if defendant's sentence had been enhanced under the controlled substances section of the Public Health Code, he would have been eligible for a sentence twice as long as the term authorized by his delivery conviction. Convicted as a second felony habitual offender, however, his sentence could only be 1-1/2 times that allowed for a first conviction on the substantive offense. Any error committed by the prosecutor in his choice of sentence enhancement statutes clearly inured to the benefit of defendant. To hold that error mandating

[1] We are also not persuaded by defendant's argument to follow *People v Mason,* 22 Mich App 595; 178 NW2d 181 (1970), *lv den* 383 Mich 826 (1970). The holding of *Mason* has questionable validity in light of *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971), the reasoning of which was adopted in *People v Graham,* 386 Mich 452; 192 NW2d 255 (1971). See, also, *People v Hobbs,* 124 Mich App 785; 335 NW2d 693 (1983).

reversal occurred under these circumstances would reward a defendant for pleading guilty to a statute he knew to be inapplicable, knowing that he could later have his conviction set aside and his enhanced sentence vacated. "Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

Affirmed.