PEOPLE *v.* CROFOOT.

1. CRIMINAL LAW—ASSAULT WITH INTENT TO RAPE—INSTRUCTION—
   ALIBI.
   In prosecution for assault with intent to rape, requested in-
   struction that, where testimony is directly conflicting and
   both versions as given cannot be true, and there is reason-
   able doubt as to which story is true, it is jury's duty to
   accept that version which is consistent with innocence of de-
   fendant, should have been given, or instruction equally in-
   formative, where evidence supporting defendant's *alibi* and
   improbabilities disclosed by testimony of prosecutrix made
   requested instruction peculiarly applicable.

2. SAME—ALIBI—REASONABLE DOUBT.
   If testimony supporting *alibi* accomplishes no more than to
   create reasonable doubt, defendant is entitled to acquittal.

Error to Allegan; Cross (Orien S.), J. Sub-
mitted October 16, 1930. (Docket No. 151, Calendar
No. 34,845.) Decided April 14, 1931.

Alton Crofoot was convicted under an informa-
tion charging assault with intent to rape and as-
sault and battery. Reversed, and new trial granted.

*Leo W. Hoffman* and *Clare E. Hoffman (Carl E.
Hoffman,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, and *Harry
Pell,* Prosecuting Attorney, for the people.

WIEST, J. A new trial should be granted in this
case.

Defendant requested the following instruction:

"Where the testimony is directly conflicting and
both versions, as given to you, cannot be true, and

there is reasonable doubt as to which story is true, it is your duty to accept that version which is consistent with the innocence of the defendant.''

The instruction was refused and nothing equally informative given. The instruction should have been given. If the testimony supporting an *alibi* accomplished no more than to create a reasonable doubt, defendant was entitled to acquittal. *People* v. *Marvill,* 236 Mich. 595; *People* v. *Miller,* 250 Mich. 72. The court gave the usual instruction, relative to presumption of innocence and the burden of establishing defendant's guilt beyond a reasonable doubt, but did not mention the claimed *alibi,* or the effect of testimony in support thereof if it created no more than a reasonable doubt. The requested instruction stated a familiar principle of law involving a substantial right of defendant and not met in this instance by the general instruction given. The evidence, supporting defendant's *alibi,* and the improbabilities disclosed by the testimony of the woman made the requested instruction peculiarly applicable.

The charge here involved is one easily made, if mere opportunity to commit the offense is afforded, and it is hard to disprove unless an *alibi,* supported by credible testimony, is accorded serious consideration or the testimony of the alleged victim discloses improbabilities. It is claimed that the assault was made during an intermission at a Saturday night dance. Several persons present at the dance testified that defendant did not leave the dance hall during the intermission. The woman was of mature years and we may assume possessed ordinary instincts and sensibilities. She claims that defendant, under pretense of wanting to talk with her privately, induced her to enter his automobile

and then drove away from the dance hall, and, along-
side of the public road, threw her to the ground, and,
while he was trying to force her and had struck
her in the face, another automobile came along and
she made no outcry because she feared that the oc-
cupants might be intoxicated. After the alleged
assault she again entered his automobile, noted the
time of night by her watch, and, upon renewal of his
solicitation, she got out and then got in the automo-
bile again and returned with him to the dance hall,
where she showed a bruise on her face to a girl
friend and later went home, and the next day, and for
the first, told the hired man of the assault and
asked him to go with her to look up evidence in an
intended suit against defendant for damages. Later
she went to one of the attorneys, now representing
defendant, and he very properly sent her to the
prosecuting attorney. At the trial this attorney
was subjected to some unmerited criticism harmful
to defendant.

The conviction should be reversed, and a new trial
granted.

BUTZEL, C. J., and CLARK, McDONALD, and POTTER,
JJ., concurred with WIEST, J.

NORTH, J. (*concurring*). Under the particular
facts involved in this case, and in view of the cir-
cumstances under which the complaint was made
and the subsequent testimony given, I concur in
reversal.

SHARPE and FEAD, JJ., concurred with NORTH, J.