PEOPLE v CORBETT

Docket No. 77-1833. Submitted December 11, 1979, at Detroit.—Decided May 19, 1980. Leave to appeal applied for.

Defendant, James Corbett, was convicted of second-degree murder in the Wayne Circuit Court, Richard D. Dunn, J. Defendant appeals. *Held:*

1. The trial judge did not commit reversible error when, in admitting a prior statement of the defendant into evidence, he informed the jury that he had determined the statement to have been made voluntarily because the fact that the defendant made the statement was not disputed.

2. An additional instruction to the jury dealing with the use of circumstantial evidence is not required where a case does not depend entirely on circumstantial evidence.

Affirmed.

1. Criminal Law — Evidence — Statements of Defendant — Voluntariness — Instructions to Jury.

A trial judge did not commit reversible error when, in admitting a prior statement of the defendant into evidence, he informed the jury that he had determined the statement to have been made voluntarily, where the fact that the defendant made the statement was not disputed.

2. Criminal Law — Evidence — Circumstantial Evidence — Instructions to Jury.

An additional instruction to the jury dealing with the use of circumstantial evidence is not required where a case does not depend entirely on circumstantial evidence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

References for Points in Headnotes
[1] 75 Am Jur 2d, Trial § 813.
[2] 75 Am Jur 2d, Trial § 846 *et seq.*

cipal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Alan C. Helmkamp,* for defendant on appeal.

Before: M. J. Kelly, P.J., and M. F. Cavanagh and P. C. Elliott,* JJ.

P. C. Elliott, J. Defendant was convicted of second-degree murder and sentenced to life imprisonment. We affirm and discuss two issues raised in his appeal:

I. The court's disclosure to the jury that he had found the defendant's statement to be voluntary; and

II. The court's failure to include instruction comparable to paragraphs (6) and (7) of the proposed Michigan Criminal Jury Instruction (CJI) 3:1:10 when instructing on circumstantial evidence.

Other issues raised by defendant have been considered. Defendant was not denied effective assistance of counsel; nor is reversal required because of trial misconduct by the prosecutor.[1]

I.

After a *Walker* hearing, *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965), the trial court ruled that defendant's statement, marked Exhibit 25, was voluntary and admissible

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] An instruction, before the summations, on the professional limitations on lawyers might be a helpful reminder to counsel and a deterrent to improper final argument. Such an instruction could be fashioned by consolidating and paraphrasing ABA Standards Relating to the Administration of Criminal Justice, The Prosecution Function, §§ 5.5, 5.9, The Defense Function, §§ 7.8, 7.9, and The Function Of The Trial Judge, § 5.10.

evidence. No error is claimed in that by defendant on appeal.

The exhibit consists of the usual statement of rights from *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966). Each separate right was initialed by defendant to signify that he understood it, and, below the rights and on the back of the page, the defendant wrote:

"Bob and I were in my living room alone. I had given him his shot gun back and he took it out of the case and was looking at it. We were talking about him and my sister and I told him to leave her alone and he put some shells in the shotgun and laid it on the other couch. We continued to talk about him and my sister and the next thing I knew he was dead. I put him in the trunk of his car and drove it to the bar where I left it. Then, I took the gun down to the River and threw it off of the Belle Isle Bridge. His personal belongings I put in the trash bag and dropped them off in Dearborn Heights. I had a friend help me move my couch to Dearborn Heights for storage on Saturday. On the night of the shooting the gun was in the lefthand side of the coffee table on top of some records."

Defendant claimed self-defense at the trial. He testified that the handgun was not on the coffee table but, rather, that the deceased had it on his person, drew it, fired twice during a struggle in which defendant managed to take the gun away and then shot the deceased three times with it, after the deceased picked up the loaded shotgun. The fatal handgun was recovered for the police from a creek by defendant's girlfriend who had dumped it there with a briefcase, belonging to the deceased, that defendant had brought to her home. Defendant further testified, at both the hearing and the trial, that he was led to believe that unless he waived his rights and made a statement

his girlfriend would be charged as an accessory and that he tried to protect her.

When the exhibit was offered at the trial the following occurred:

"THE COURT: Any objection other than those noted before?

DEFENSE COUNSEL: None

*   *   *

THE COURT: Admitted. The Court will admit Exhibit #25 into evidence.

I might point out to the Jury that statements such as are contained on the reverse side of the rights statement are what we call Miranda warnings. Normally have to be passed on by the court for the purpose of determining the voluntariness or involuntariness. The Court is [sic] already ruled that it did comply with the Miranda, with the requirements and that it was a voluntary statement. That is why I have admitted it into evidence."

Later, out of the presence of the jury, defense counsel moved for a mistrial, as follows:

"This afternoon when the statement of Defendant was being made the Court advised the Jury that it had already heard testimony and found the statement was admissible and it is Defense contention that this could very well be interpreted or at least could sway the influence of the Jury in thinking this is something they pretty much have to accept inasmuch as you already ruled on it. For that reason, I ask for a new trial.

THE COURT: Motion denied."

The judge included proposed CJI 4:1:01, verbatim, in his final instructions without defense objection or further request; it says, in part:

"(3) * * * (I)f you determine that the statement was made by the defendant, you must further consider

whether the statement or any part of it is true. You should consider the facts and circumstances surrounding the making of the statement, along with all the other evidence in the case, in judging its truthfulness and deciding how much weight, if any, the statement deserves.

"(4) Should you accept the statement or any part thereof as truth, you may then give it whatever weight you believe it deserves."[2]

Although the instruction given also submits to the jury the question of whether the statement was made by the defendant, that was never an issue in this case. The defendant admitted that he made the statement and that it contained untruths.

*People v Walker (On Rehearing), supra,* 337-338, famous for the *"Walker"* hearing, said in part:

"If we arrogate to the trial judge the right to adjudicate voluntariness, even though that question involves issues of fact, we find no basis in logic in submitting the same question over again to the jury to second-guess him. We believe their determination should be limited to truthfulness, *i.e.,* weight and credibility."

The jury did have to accept that the statement was admissible, but in no way did the judge infringe upon the function of the jury to determine the weight and credibility of the statement.

Several other panels of this Court have held that because the jury also has the issue of determining whether a purported confession was ever made, it is reversible error to inform the jury that the judge has concluded that the defendant made it voluntarily, *People v Gilbert,* 55 Mich App 168;

[2] The proposed CJI fails to mention the significance of a statement that is false or that does not include events crucial to the theory of the defense at the trial. The importance of the statement in this case is in what it does not say. The jury could compare defendant's testimony with his earlier inconsistent statement.

222 NW2d 305 (1974), *People v Skowronski,* 61 Mich App 71; 232 NW2d 306 (1975), *People v Mosley (On Remand),* 72 Mich App 289; 249 NW2d 393 (1976), *aff'd on other grounds* 400 Mich 181; 254 NW2d 29 (1977), and *People v Mathis (On Remand),* 75 Mich App 320, 324; 255 NW2d 214 (1977), which said:

"It is senseless to ask the jury whether a statement has been made after informing them that the statement was voluntary. The jury is left to wonder whether it is being asked, on the one hand, to side with the judge's conclusion and proceed to determine the truth of the statement, or on the other, to overrule the judge and conclude on their own that the statement (no matter how voluntary) was never made."

When, as in this case, the fact that the defendant made the statement is not disputed, the rationale of the cases cited above largely disappears, and, although the trial judge should not have informed the jury of his earlier ruling, his comment was not reversible error.

## II.

Defendant next claims error because the instruction on circumstantial evidence did not contain something similar to paragraphs (6) and (7) of proposed CJI 3:1:10, "Mixed Direct and Circumstantial Evidence":

"(6) Circumstantial evidence must be considered by the following rules:
(A) The circumstances themselves must be believed.
(B) The circumstances must be consistent with guilt and inconsistent with innocence.
(C) The circumstances must be of such a conclusive

nature and tendency that they convince you beyond a reasonable doubt of the defendant's guilt.

"(7) If the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

Defense counsel made an unspecific objection to the court's instruction on circumstantial evidence, and on several other subjects, after the instructions were given. It was unnecessary to give the further instruction now requested.

Defendant admitted that he shot the deceased three times. That was direct evidence. Where the case does not depend entirely on circumstantial evidence, no instruction on the use of circumstantial evidence is required. *People v Dellabonda,* 265 Mich 486; 251 NW 594 (1933), and *People v Chandler,* 75 Mich App 585; 255 NW2d 694 (1977).

Strangely, considering the voluminous commentary generally, CJI does not provide commentary on CJI 3:1:10 and the source of the so-called rules in paragraph (6) is unknown. Regarding those rules, (6)(A) seems to be a truism that need not be stated in instructions; (6)(B) appears to be a repetition of paragraph (7), discussed below and, like (6)(C), disregards the direct evidence. Paragraphs (6) and (7) seem to say that, to convict, the jury must be satisfied of guilt beyond a reasonable doubt from the circumstantial evidence alone. That is entirely incorrect. When there is both direct and circumstantial evidence, all of it should be considered. Moreover, paragraph (7) is unbalanced because it omits the obvious converse:

"If on the other hand one construction of all of the evidence, direct and circumstantial, appears to you to be reasonable and the other construction to be unrea-

sonable, it is your duty to accept the reasonable construction and reject the unreasonable."

Finally, the basis for paragraphs (7) and (6)(B) comes from cases that discuss the standard to be applied by a court to a motion for a directed verdict in a case resting entirely on circumstantial evidence. See *People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972), and *People v Fuller,* 395 Mich 451; 236 NW2d 58 (1975). Neither of those cases is concerned with the content of jury instructions. Neither of those cases is concerned with a trial in which there is direct evidence as well as circumstantial evidence of guilt.

It seems sufficient to instruct that each element of the offense must be proven beyond a reasonable doubt. That burden of proof is the only burden of proof in any criminal case regardless of the kind or kinds of evidence presented. Paragraphs (6) and (7) of CJI 3:1:10 incorrectly suggest that some other burden of proof is involved whenever there is circumstantial evidence.

Affirmed.