## PEOPLE v PEETE

Docket No. 49510. Submitted May 12, 1981, at Lansing.—Decided February 19, 1982.

Curtis Peete was convicted of armed robbery and possession of a firearm during the commission of a felony, Jackson Circuit Court, Gordon W. Britten, J. Defendant appeals, alleging several errors. *Held:*

1. Defendant was not denied a speedy trial. The delay between the commission of the offense and his conviction was largely due to the fact that his first trial ended in a mistrial because of a hung jury. Furthermore, the defendant was not significantly prejudiced by the delay.

2. A search warrant based on an affidavit containing hearsay was properly issued because there was good reason for the magistrate to believe the information was trustworthy. Therefore, the evidence seized pursuant to the warrant was properly admitted at trial.

3. The trial court determined that a statement defendant gave to police was voluntary. Absent a definite and firm conviction that the court erred in so finding and in admitting the statement into evidence at trial, the trial court's decision is affirmed.

4. Defendant's retrial, after the first trial ended in a mistrial due to a hung jury, did not violate the proscription against double jeopardy.

5. The trial court did not abuse its discretion in regard to ordering the prosecution to make available to the defendant the statements made by witnesses concerning the crime.

6. The trial court properly refused to instruct the jury that if

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law § 654.

[2] 68 Am Jur 2d, Searches and Seizures § 65.

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

[3] 5 Am Jur 2d, Appeal and Error § 717.

29 Am Jur 2d, Evidence § 612.

[4] 21 Am Jur 2d, Criminal Law §§ 285, 303.

[5] 75 Am Jur 2d, Trial § 852.

the evidence was open to two reasonable constructions it was their duty to accept that construction which would indicate innocence.

Affirmed.

1. CRIMINAL LAW — SPEEDY TRIAL.

The factors to be balanced in determining whether or not a defendant has been denied the right to a speedy trial are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — HEARSAY.

Hearsay may be relied upon to justify the issuance of a search warrant; however, the judicial officer being requested to issue the warrant must be supplied with some of the underlying circumstances supporting the conclusions that the object of the search is where it is said to be and that the informant is reliable.

3. APPEAL — VOLUNTARINESS OF DEFENDANT'S STATEMENT — CRIMINAL LAW.

An appellate court, when reviewing a trial court's ruling on the voluntariness of a defendant's statement, will examine the entire record and reach an independent determination of voluntariness; however, absent a definite and firm conviction that the trial court erred, the decision will be affirmed.

4. CRIMINAL LAW — DOUBLE JEOPARDY — MISTRIAL — HUNG JURY.

Retrial of a defendant is not barred by double jeopardy where a first trial ends in a mistrial because of a hung jury.

5. CRIMINAL LAW — JURY INSTRUCTIONS.

A jury instruction that if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is the jury's duty to accept the construction indicating innocence is appropriate only in cases where the circumstantial evidence against the defendant is weak; a trial court did not err in refusing to give such instruction where there was substantial direct evidence against the defendant (CJI 3:1:10[7]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Chief Appellate Attorney, for the people.

*Myron E. Sanderson,* for defendant on appeal.

Before: R. M. MAHER, P.J., and ALLEN and CY-NAR, JJ.

PER CURIAM. After a jury trial, defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He appeals as of right.

On December 14, 1978, two masked men knocked off the Cascades branch of the National Bank of Jackson. Tennis shoe tracks leading from a getaway car prompted the police to arrest defendant, and shortly thereafter defendant made a statement to the police that all but assured his conviction.

Defendant raises seven claims of error on appeal, which we shall address in order. First of all, defendant contends that he was denied his constitutional right to a speedy trial inasmuch as 341 days elapsed between the date of the alleged offense and the date of trial.

*People v Hill,* 402 Mich 272, 283; 262 NW2d 641 (1978), provides the proper standard of review:

"The factors to be balanced in determining whether or not a defendant has been denied the right to a speedy trial are: (1) length of delay, (2) reason for delay, (3) defendant's assertion of the right, and (4) prejudice to the defendant."

Under the *Hill* standard we are convinced that defendant was not denied his right to a speedy trial. Defendant's first trial ended in a mistrial due to a hung jury; this was the primary reason that 341 days elapsed between offense and conviction.

There was only a five-month delay between defendant's arrest and his initial trial. Moreover, we find that defendant was not significantly prejudiced by the delay. Accordingly, we hold that defendant was not denied his right to a speedy trial.

Defendant next contends that the trial court erred in allowing the admission of evidence seized pursuant to a search warrant, since the supporting affidavit contained hearsay.

"Hearsay may be properly relied on, *Jones v United States,* 362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960). * * * When hearsay is used, however, the judicial officer being asked to issue the warrant must be supplied with (1) some of the underlying circumstances supporting the conclusion that the object of the search is where it is said to be and (2) some of the underlying circumstances supporting the conclusion that the person supplying the information is reliable. *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1960), *People v Walker,* 401 Mich 572; 259 NW2d 1 (1977)." *People v Brooks,* 101 Mich App 416, 419; 300 NW2d 582 (1980).

The affiant's hearsay "informants" were police officers who were investigating the robbery. Hence, there was good reason for the magistrate to believe that the hearsay information was trustworthy. Under *Brooks, supra,* the trial court did not err in admitting evidence seized pursuant to the search warrant.

Defendant also contends that the trial court erred in finding defendant's statement to the police to be voluntary and in admitting it at trial. This Court set forth the proper standard of review of a trial court's determination of voluntariness

after a *Walker*[1] hearing in *People v Crawford,* 89 Mich App 30, 32-33; 279 NW2d 560 (1979):

"A *Walker* hearing is designed to determine the voluntariness of a defendant's statement. Voluntariness is determined from the totality of the circumstances. When reviewing a trial court's ruling, an appellate court will examine the entire record and reach an independent determination of voluntariness. However, absent a definite and firm conviction that the trial court erred, the decision will be affirmed. *People v Sparks,* 82 Mich App 44; 266 NW2d 661 (1978)."

Defendant was informed of his *Miranda*[2] rights prior to making a statement. However, defendant contends that he was induced to make a statement through promises of immunity made by the police. We perceive no good reason to disagree with the trial court's determination that defendant's testimony was unworthy of belief. Accordingly, we decline to overturn the trial court's determination of voluntariness under the *Crawford* standard of review.

Defendant also contends that the trial court erred in admitting his statement to the police into evidence inasmuch as certain parts of the statement were untrue. Defendant cites no authority in support of this contention. We believe that this argument is unworthy of serious consideration, and accordingly reject it.

Defendant next contends that his retrial, after the first trial ended in a mistrial due to a hung jury, was barred by double jeopardy. We disagree, since at this point we do not choose to reject *United States v Perez,* 22 US (9 Wheat) 579; 6 L

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

Ed 165 (1824), on state constitutional grounds. See *People v Parker,* 60 Mich App 368, 369; 230 NW2d 437 (1975).

Defendant next contends that the trial court erred by failing to require the prosecution to turn over all statements made by witnesses concerning the crime.

The trial court, in an opinion dated April 2, 1979, stated that it had reviewed the police report and had found "that the contents of the interviews would be of value to defendant in preparing his case", and ordered that a copy of the entire police report be turned over to defense counsel. On April 3, 1979, the prosecution provided defendant with a complete copy of the police report, which contained an account of every interview conducted by the police with the witnesses who testified at trial. Moreover, before the second trial, defendant was also provided with a complete transcript of the testimony of all witnesses who testified at the first trial. No new witnesses were called by the prosecution at the second trial.

Under these circumstances we cannot agree with defendant's contention that the trial court abused its discretion in this regard. See *People v Walton,* 71 Mich App 478, 481-482, 485; 247 NW2d 378 (1976).

Finally, defendant contends that the trial court erred in refusing his request to instruct the jury in accordance with CJI 3:1:10(7), which provides:

"If the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

In *People v Freeland,* 101 Mich App 501, 505; 300 NW2d 616 (1980), a panel of this Court stated:

"General use of this instruction in cases involving circumstantial evidence would make it extremely difficult to obtain convictions. See *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). We believe its use is properly confined to cases where, unlike the present case, the circumstantial evidence against a defendant is weak."

Since the prosecution presented substantial *direct* evidence against defendant—*i.e.,* his statement to the police—we conclude that the trial court did not err in refusing to give the requested instruction.

We have reviewed the record and have concluded that no reversible error occurred.

Affirmed.