PEOPLE v REESE

Docket No. 62091. Submitted February 4, 1983, at Lansing.—Decided April 25, 1983.

Cyrus E. Reese was convicted of unlawfully driving away an automobile, Washtenaw Circuit Court, Edward D. Deake, J. The defendant appealed, alleging that the trial court erred in allowing evidence of two of his prior convictions to be used for impeachment purposes and in refusing to give two Criminal Jury Instructions in their entirety to the jury. *Held:*

1. The trial court did not err in admitting evidence of two of the defendant's prior convictions for impeachment purposes. The similarity between the crime charged and the convictions for which evidence was admitted was not great. The trial court clearly recognized that it had discretion as to whether to admit the evidence and properly exercised that discretion. The defendant was not dissuaded from testifying.

2. The trial court did not err in not giving the Criminal Jury Instructions in their entirety to the jury. Jury instructions should be read as a whole and not extracted piecemeal in an effort to establish error requiring reversal. The court did give the instructions on presumption of innocence, burden of proof and reasonable doubt.

Affirmed.

1. Criminal Law — Impeachment.

The rule allowing the decision whether to allow impeachment of a defendant in a criminal case by evidence of prior convictions to rest in the discretion of the trial court envisions a true exercise of discretion by balancing the competing factors and, although one of the factors to be considered is whether a prior conviction was for substantially the same conduct for which the defendant is on trial, error requiring reversal does not necessarily result from a trial judge's admitting evidence of a

References for Points in Headnotes

[1] 29 Am Jur 2d, Evidence § 327.
   81 Am Jur 2d, Witnesses §§ 525, 582.
[2] 75 Am Jur 2d, Trial § 853.
[3] 4 Am Jur 2d, Appeal and Error §§ 535, 894.

defendant's prior conviction that merely has some similarity to the offense for which the defendant is on trial.

2. CRIMINAL LAW — JURY INSTRUCTIONS.

A jury instruction that if the evidence is open to two reasonable constructions, one indicating guilt and the other innocence, it is the jury's duty to accept the construction indicating innocence is appropriate only in cases where the circumstantial evidence against the defendant is weak; a trial court did not err in refusing to give such instruction where there was substantial circumstantial evidence against the defendant (CJI 3:1:10[7]).

3. APPEAL — JURY INSTRUCTIONS.

Jury instructions must be read as a whole on appeal and not extracted piecemeal in an effort to establish error requiring reversal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *David A. King,* First Assistant Prosecuting Attorney, for the people.

*Hendley & Datsko, P.C.* (by *Mary E. Morris),* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Defendant was charged with unlawfully driving away an automobile (UDAA), MCL 750.413; MSA 28.645, and receiving and concealing stolen property worth more than $100, MCL 750.535; MSA 28.803. Following a two-day trial by jury, defendant was found guilty of UDAA. Sentenced on December 3, 1981, to prison for a term of three years and four months to five years, defendant appeals of right.

On the morning of February 19, 1981, Officer Pniewski of the Washtenaw Sheriff's Department was driving east on Interstate 94 approaching the US-23 interchange. Noticing that traffic in the left

lane was moving unusually slow, Officer Pniewski proceeded in the right lane to investigate. He soon observed a vehicle in the left lane without lights, moving at a speed of about 30 miles an hour. Pulling his car into the left lane behind the slow-moving car, the officer flashed his headlights and played his spotlight across the back window. The vehicle, a bluish 1975 Ford, soon sped forward and then pulled off of the road and stopped.

The driver of the car was the defendant. When asked by the officer for a driver's license and a vehicle registration, defendant could produce neither. No key was in the ignition and lying on the front seat was a device known as a slam puller. Defendant was placed under arrest for driving without a license in his possession. A search of objects in plain view revealed a screwdriver, pliers and a pair of gloves. Calling on the LEIN network to determine whether the car was stolen, the officer was informed that the vehicle was stolen. Officer Pniewski then placed defendant under arrest for UDAA and possession of a stolen vehicle.

On appeal, defendant challenges two rulings by the trial court. The first ruling pertains to the court's allowance of evidence of two prior convictions to be used for impeachment purposes. The people proposed to admit evidence of four prior convictions: (1) an attempted UDAA in 1979; (2) attempted breaking and entering in 1979; (3) attempted larceny from an auto in 1979; (4) a misdemeanor larceny at an unspecifed date. Defendant submitted a written motion to exclude evidence of all four convictions and the parties argued the matter before the court. The court ruled that evidence of convictions (1) and (4) should be excluded and that evidence of convictions (2) and (3) were admissible for impeachment purposes.

Defendant does not attack the court's ruling on grounds that the court did not sufficiently refer to each of the three *Crawford* factors, *People v Crawford,* 83 Mich App 35; 268 NW2d 275 (1978), nor does he claim that the threat of impeachment chilled his right to testify. Defendant did, in fact, testify. Defendant only claimed that, because the prior convictions bore *some similarity* to the offense for which defendant was tried, defendant was per se prejudiced.[1] Some similarity alone is not a sufficient reason to find error. The similarity between the crime charged and the convictions for which evidence was admitted was not great; the trial court clearly recognized that it had discretion and exercised that discretion, and the defendant was not dissuaded from testifying. Accordingly, we find no error.

Defendant next argues that the trial court erred reversibly by refusing to give CJI 3:1:10 *(Mixed Direct and Circumstantial Evidence)* and CJI 3:1:12 *(Witnesses—Conflicting Testimony)* in their entirety. The court agreed to give both instructions except for subparagraph (7) of 3:1:10 and subparagraph (3) of 3:1:12. Apparently, the Washtenaw circuit bench believes that these subparagraphs do not correctly state the law of Michigan.

CJI 3:1:10(7) reads:

"If the evidence is open to two reasonable construc-

---

[1] In the case before the bar, the use for impeachment purposes of evidence of the defendant's prior conviction on the attempted larceny from an automobile and attempted breaking and entering was prejudicial to him. Although these convictions bear on truthfulness and therefore credibility to a certain extent, they are similar to the crime he is charged with committing. Although the attempted breaking and entering is not automobile related, it is a theft crime and therefore, similar to the charged crime of UDAA. The attempted larceny from an automobile conviction is even more similar to the crime with which the defendant is charged in that it involves an auto-related crime.

tions, one indicating guilt and the other innocence, it is your duty to accept the construction indicating innocence."

In two recent cases our Court has ruled on the applicability of that subparagraph. In *People v Peete,* 113 Mich App 510, 515-516; 317 NW2d 666 (1982), we said:

"In *People v Freeland,* 101 Mich App 501, 505; 300 NW2d 616 (1980), a panel of this Court stated:

" 'General use of this instruction in cases involving circumstantial evidence would make it extremely difficult to obtain convictions. See *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977). We believe its use is properly confined to cases where, unlike the present case, the circumstantial evidence against a defendant is weak.' "

In the case before us, the evidence against defendant was primarily strong circumstantial evidence. Defendant was apprehended while driving a stolen car, he claimed that the car belonged to his aunt, no key was in the ignition and on the seat was a device customarily associated with starting a stolen vehicle. Furthermore, in plain view were found a screwdriver, pliers and gloves, and on defendant's person two screws fitting the slam puller device were found. Not until the trial did defendant reveal the bizarre and fantastic story that two armed robbers pulled him out of his own car and drove off leaving him with the stolen car, how he chased the robbers to no avail, and later was intercepted by a deputy sheriff. Given the nature of the testimony and the fact that subparagraph (7) is inappropriate where the testimony against defendant is primarily strong circumstantial evidence, we find no error in the trial court's refusal to give the instruction in the instant case.

CJI 3:1:12(3) reads:

"However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant."

Jury instructions must be read as a whole. When so read, the record discloses that the court did give the standard instructions on presumption of innocence (3:1:02), burden of proof (3:1:03) and reasonable doubt (3:1:05). As was stated by this Court in *People v Starks,* 107 Mich App 377, 385; 309 NW2d 556 (1981):

"Although the record reveals that certain portions of the instructions dealing with those concepts were inadvertently omitted, prejudicial error did not occur. Jury instructions must be read as a whole and not extracted piecemeal in an effort to establish error requiring reversal. *People v Choate,* 88 Mich App 40, 45; 276 NW2d 862 (1979). The concepts of reasonable doubt, the presumption of innocence, and the burden of proof were related to the jury by a reading of CJI 3:1:02, 3:1:03(2), and 3:1:05. Defendant's claim of instructional error is therefore without merit."

We find no error.
Affirmed.