PEOPLE v VERNON JOHNSON

Docket No. 59639. Submitted May 10, 1983, at Lansing.—Decided August 1, 1983. Leave to appeal applied for.

Vernon L. Johnson was convicted by a jury in Washtenaw Circuit Court of obtaining by false pretenses property of a value in excess of $100. Johnson subsequently pled guilty to a supplemental information charging him with being an habitual offender and was sentenced, Edward D. Deake, J. Defendant appealed. *Held:*

1. The trial court did not err by allowing an in-court identification of defendant under the circumstances of this case.

2. The instructions of the court, when read in their entirety, correctly instructed the jury on the burden of proof and the jury's duty in considering and weighing the evidence.

3. The issue of whether the prosecutor had used due diligence in attempting to locate an alleged res gestae witness was not preserved for appellate review. The question was raised subsequent to trial, in connection with a motion for new trial, and, although a hearing was held on the motion, no transcript was filed with the Court of Appeals. Such a filing is required if the Court of Appeals is to review the appropriateness of the order denying the new trial.

4. Defendant's remaining claims of error are without merit. Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — INACCURATE STANDARD JURY INSTRUCTIONS.

It was not error for a trial court to refuse to give a requested standard jury instruction where the instruction did not accurately state the law and the instructions given, when read in their entirety, correctly instructed the jury on the burden of proof and the jury's duty in considering and weighing the evidence (CJI 3:1:12[3]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial § 610.

Construction of statutes or rules making mandatory the use of pattern or uniform approved jury instructions. 49 ALR3d 128.

[2] 5 Am Jur 2d, Appeal and Error §§ 555, 556.

2. Criminal Law — New Trial — Appeal — Filing of Transcript
    — Preserving Question.

   An issue was not properly preserved for appellate review where
   the issue was raised in connection with a motion for a new
   trial, a hearing was held and the motion was denied but no
   transcript of the hearing was filed with the appellate court;
   such a filing is required if the appellate court is to review the
   appropriateness of the order denying the new trial.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Kirk K. Nissley,* Assistant Prosecuting Attorney, for the people.

*Karega & Associates* (by *Che A. Karega),* for defendant on appeal.

Before: MacKenzie, P.J., and M. J. Kelly and S. Everett,* JJ.

S. Everett, J. The defendant was convicted of obtaining by false pretenses property of a value in excess of $100. MCL 750.218; MSA 28.415. He subsequently pled guilty to a supplemental information charging him with being a habitual offender pursuant to MCL 769.11; MSA 28.1083. On appeal he raises several issues.

The charge arose out of an incident in which an individual came to a store and claimed to be there to pick up cigarettes and replace them with others. He was allowed to leave the store with cigarettes, and promptly departed the scene. Two store employees identified a picture of the defendant shown in a photographic line-up. Later, a physical line-up was held. One of the employees positively identified the defendant, the other picked him out but stated that he was not positive of his identification. Before trial a hearing was held and the court

* Circuit judge, sitting on the Court of Appeals by assignment.

determined that there was nothing suggestive about the photographic line-up. At trial both employees identified the defendant as being the perpetrator of the crime.

During the trial the defendant's brother testified that he was the thief, not the defendant. The prosecutor asked to have the store employees view the defendant and his brother in the courtroom and seek to identify the criminal. They were allowed to do so and separately, with the other employee absent, picked out the defendant and each testified that he or she had never seen the brother before. While in-court identification in the manner used might not always be appropriate, we believe that under the circumstances of this case it was and find no error.

Although requested to do so, the trial judge refused to give CJI 3:1:12(3). The full suggested instruction reads as follows:

"(1) If there is a conflict in the testimony of witnesses, it is your responsibility as jurors to determine, if you can, what testimony you believe to be true.

"(2) Consider the extent to which conflicting testimony is supported by other evidence and whether the conflict involves a matter of importance or merely some detail.

"(3) However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant."

Paragraphs (1) and (2) were given. The published comments regarding the instruction give no indication of its source. We do not believe it accurately states the law. The issue is whether there is reasonable doubt as to the guilt of the defendant, not as to which testimony to believe. Certainly conflicting testimony may create a reasonable doubt but

we find no basis for the statement that the jury has a duty to accept any testimony where there is a conflict. Therefore, it appears that the instructions of the court, when read in their entirety, correctly instructed the jury on the burden of proof and the jury's duty in considering and weighing the evidence.

Subsequent to the trial, the question of whether a witness should have been endorsed as a res gestae witness was raised. Defendant's brother had testified that Joyce Mitchell had been in the car with him at the time he claimed to have left the store with the cigarettes. The police had been provided with the license number of the car and it was registered to Joyce Mitchell-Puckett. The Detroit Police Department had been contacted and advised that there was no such address as that listed on the registration. In connection with the motion for a new trial the defendant challenged whether the prosecutor had used due diligence in the effort to locate the lady in question. A hearing was held on the motion but no transcript has been filed. Such a filing is required if this Court is to review the appropriateness of the order denying the new trial. The issue is therefore not properly preserved for appellate review. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

Defendant's remaining claims of error are without merit. *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). *People v Hampton,* 407 Mich 354; 285 NW2d 284 (1979).

Affirmed.