PEOPLE v DUTRA

Docket No. 80944. Submitted May 8, 1986, at Grand Rapids. Decided
　　August 6, 1986.

　　Joseph W. Dutra, Jr., was convicted by a jury in Van Buren
　　Circuit Court of unlawfully driving away an automobile and
　　was sentenced to four months in the county jail, Meyer War-
　　shawsky, J. Defendant appealed.

　　The Court of Appeals *held:*

　　1. The trial judge did not err in refusing to instruct the jury,
　　as defendant requested, that, if they had a reasonable doubt as
　　to which testimony to believe where the testimony of witnesses
　　conflicted, it was their duty to accept the testimony which was
　　favorable to the defendant. The requested instruction did not
　　accurately state the law, and the instructions which the trial
　　judge gave fully instructed the jury on its role in evaluating
　　the testimony for weight, credibility and believability, as well
　　as on the burden of proof and the necessity for proof beyond a
　　reasonable doubt.

　　2. The prosecution was not required to specifically disprove
　　defendant's reasonable theory of innocence because the convic-
　　tion was based upon circumstantial evidence. Proof of the
　　prosecution's theory beyond a reasonable doubt in the face of
　　whatever contradictory evidence the defense may produce was
　　sufficient.

　　3. The evidence supported a finding by the jury that defen-
　　dant had guilty knowledge, an element necessary to sustain a
　　conviction for the crime charged.

　　Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS.

　　It was not error for a trial court to refuse to give a requested
　　standard jury instruction where the instruction did not accu-

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic § 349.

Am Jur 2d, Criminal Law §§ 649, 782.

See the annotations in the Index to Annotations under Automobiles
　　and Highway Traffic; Instructions to Jury; Presumptions and
　　Burden of Proof.

rately state the law and the instructions given correctly instructed the jury on the burden of proof and the jury's duty in considering and weighing the evidence (CJI 3:1:12[3]).

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — BURDEN OF PROOF.
    It is the prosecution's duty in a criminal trial to prove its own theory of the defendant's guilt beyond a reasonable doubt; the prosecution is not bound to disprove all theories consistent with the defendant's innocence.

3. CRIMINAL LAW — UNLAWFULLY DRIVING AWAY A MOTOR VEHICLE.
    The elements of the crime of unlawfully driving away a motor vehicle are: (1) possession must be taken; (2) there must be a driving away; (3) done wilfully; and (4) without authority; the "done wilfully" element does not require the prosecution to establish an intent to permanently deprive the owner of possession of the vehicle, but the defendant must have guilty knowledge.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Juris Kaps,* Prosecuting Attorney, for the people.

*Allen J. Lewis,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and WAHLS and M. E. DODGE,* JJ.

PER CURIAM. Defendant was convicted by a jury of unlawfully driving away an automobile, MCL 750.413; MSA 28.645, and was sentenced to four months in the county jail. Defendant appeals as of right raising three issues, none of which requires reversal.

Defendant first argues that the trial court erred by denying his request for paragraph (3) of CJI 3:1:12 which provided:

(1) If there is a conflict in the testimony of witnesses, it is your responsibility as jurors to determine, if you can, what testimony you believe to be true.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(2) Consider the extent to which conflicting testimony is supported by other evidence and whether the conflict involves a matter of importance or merely some detail.

(3) However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant.

Paragraphs (1) and (2) were given.[1] The trial court denied the request for paragraph (3) citing *People v Vernon Johnson,* 127 Mich App 587; 339 NW2d 489 (1983), lv den 419 Mich 860 (1984). In *Johnson, supra,* pp 589-590, this Court held that paragraph (3) does not accurately state the law:

The published comments regarding the instruction give no indication of its source . . . . The issue is whether there is reasonable doubt as to the guilt of the defendant, not as to which testimony to believe. Certainly conflicting testimony may create a reasonable doubt but we find no basis for the statement that the jury has a duty to accept any testimony where there is a conflict. Therefore, it appears that the instructions of the court, when read in their entirety, correctly instructed the jury on the burden of proof and the jury's duty in considering and weighing the evidence.

We agree with the panel in *Johnson* and adopt its reasoning herein.[2]

---

[1] CJI 3:1:12 was deleted by the Jury Instruction Committee on July 13, 1984:

[The essence of instructions contained in CJI 3:1:12 has been moved into more general instructions: CJI 3:1:12(2) now appears in CJI 3:1:11(2), and CJI 3:1:12(3) appears in proposed CJI 3:1:03(3). See Commentary, pages 5-87 through 5-90.]

[2] See also *People v Stewart,* 126 Mich App 374, 376-377; 337 NW2d 68 (1983), and *People v Hatch,* 126 Mich App 399, 404-405; 337 NW2d 79 (1983), where it was held that the trial court's refusal to give CJI

The trial court instructed the jury on its role in evaluating the testimony for weight, credibility and believability. The jury was given the greater portion of CJI 3:1:12 and the trial court fully instructed the jury on the burden of proof and the necessity for proof beyond a reasonable doubt. We find no error.

Defendant next argues that because his conviction was based upon circumstantial evidence, the prosecution was required to disprove defendant's reasonable theory of innocence as presented by the testimony of Charles Cowper.[3] We disagree for the reasons stated in *People v Doss*, 122 Mich App 571, 574-575; 332 NW2d 541 (1983), lv den 417 Mich 1100.16 (1983):

> In *People v Davenport*, 39 Mich App 252, 256; 197 NW2d 521 (1972), the Court stated that:
> "[W]here the People's case is based on circumstantial evidence the prosecution has the burden of proving 'that there is no innocent theory which will, without violation of reason, accord with the facts'."
> This oft-cited rule does not require the prosecutor to specifically disprove all innocent theories, rather:
> "It should be sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defense may produce." [*People v Edgar*, 75 Mich App 467, 474; 255 NW2d 648 (1977).]

See also *People v Richardson*, 139 Mich App 622, 626; 362 NW2d 853 (1984).

---

3:1:12(3) in itself is insufficient to support a defendant's claim of error requiring reversal where the jury is instructed on reasonable doubt, burden of proof, the elements of the crime charged, and the responsibilities and duties of the jury.

[3] Cowper, one of defendant's accomplices, testified that he (Cowper) knew that the tow truck was stolen but that he did not convey the information to defendant and that defendant did not become aware of that fact until they were stopped by the police.

Defendant's final claim of error is that there was insufficient evidence of the element of specific intent. We disagree. The elements of an unauthorized driving away of a motor vehicle are: (1) the possession of the vehicle must be taken; (2) there must be a driving away; (3) done wilfully; and (4) possession and the driving away must be done without authority. *People v Shipp,* 68 Mich App 452; 243 NW2d 18 (1976), lv den 397 Mich 826 (1976). The "done wilfully" element of the offense does not require the prosecution to establish an intent to permanently deprive the owner of possession of the vehicle, but defendant must have guilty knowledge. *People v Andrews,* 45 Mich App 354; 206 NW2d 517 (1973).

William Thompson, one of defendant's accomplices, testified that he agreed to pay defendant $50 if defendant would help him steal a tow truck. Thompson also testified that defendant was concerned that his fingerprints were on the truck. Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found that the essential elements, including guilty knowledge, were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), cert den sub nom *Michigan v Hampton,* 449 US 885 (1980); *People v Frank Johnson,* 146 Mich App 429, 435; 381 NW2d 740 (1985).

Affirmed.