PEOPLE v MOORE

Docket No. 103080. Submitted December 12, 1988, at Detroit. Decided
    April 18, 1989. Leave to appeal applied for.

Claxton Moore was convicted of two counts of felonious assault
    and one count of possession of a firearm during the commission
    of a felony following a jury trial in the Recorder's Court for the
    City of Detroit, Marianne O. Battani, J. Defendant appealed
    alleging that the trial court erred in refusing to give subpara-
    graph (7) of CJI 4:2:02.

The Court of Appeals held:

Given the nature of the direct evidence and the strength of
    the circumstantial evidence, the trial court did not err in
    refusing to give subparagraph (7) of CJI 4:2:02.

Affirmed.

J. T. HAMMOND, J., concurred but wrote separately to note
    that the Court of Appeals should say that CJI 4:2:02(7) is bad
    law, is erroneous, and should never be given under any circum-
    stances. He would instruct the circuit court judges in Michigan
    not to utilize CJI 4:2:02(7).

1. CRIMINAL LAW — JURY INSTRUCTIONS.
    Use of the Michigan Criminal Jury Instructions is not manda-
    tory.

2. CRIMINAL LAW — JURY INSTRUCTIONS.
    A jury instruction that, if the direct and circumstantial evidence
    taken together is open to two reasonable constructions, one
    indicating guilt and the other innocence, it is the jury's duty to
    accept the construction indicating innocence, need only be
    given when the circumstantial evidence against the defendant
    is weak and, further, need not be given where there is direct
    evidence supporting conviction (CJI 4:2:02[7]).

State Appellate Defender (by *Derrick A. Carter*),
for defendant on appeal.

REFERENCES
Am Jur 2d, Trial § 853.
Modern status of rule regarding necessity of instruction on circum-
    stantial evidence in criminal trial—state cases. 36 ALR4th 1046.

Before: BEASLEY, P.J., and GILLIS and J. T. HAM-
MOND,* JJ.

PER CURIAM. On May 13, 1987, a jury found
defendant, Claxton Moore, guilty of two counts of
felonious assault and one count of possession of a
firearm during the commission of a felony, in
violation of MCL 750.82; MSA 28.277 and MCL
750.227b; MSA 28.424(2) respectively. Defendant
was sentenced to serve two years in prison on the
felony-firearm conviction and placed on probation
for two years for the felonious assault convictions,
the sentences to run consecutively. Defendant ap-
peals as of right.

Defendant contends that the trial court erred in
denying his request for a full jury instruction on
mixed direct and circumstantial evidence, CJI
4:2:02. While the trial court did give most of that
instruction, it refused to give subparagraph (7) of
the instruction, which reads as follows:

> (7) If the direct and circumstantial evidence,
> taken together, is open to two reasonable construc-
> tions, one indicating guilt and the other innocence,
> it is your duty to accept the construction indicat-
> ing innocence.

Use of the Michigan Criminal Jury Instructions
is not mandatory.[1] Cautionary instructions need
only be given when the circumstantial evidence
against the defendant is weak[2] and, further, need

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *People v Petrella,* 424 Mich 221, 227; 380 NW2d 11 (1985); *People
v Anderson,* 166 Mich App 455, 467; 421 NW2d 200 (1988).

[2] *People v Gravedoni,* 172 Mich App 195, 197; 431 NW2d 221 (1988);
*People v Armentero,* 148 Mich App 120, 132; 384 NW2d 98 (1986), lv
den 425 Mich 883 (1986).

not be given where there is direct evidence supporting conviction.[3]

At trial, the two complainants testified that, during an argument with defendant, defendant pulled out a handgun and pointed it at one of them threatening to "blow [her] so and so head off."[4] They further testified that defendant, soon thereafter, fired the gun in the direction of the second complainant. The bullet struck the floor approximately one foot away from the second complainant's feet. A police officer testified that, upon arrival at the scene, examination of defendant's right hand revealed an odor of gunpowder/nitrate—strong circumstantial evidence that defendant had recently fired a gun.

Given the nature of the direct evidence and the strength of the circumstantial evidence, we find no error in this case in the trial court's refusal to give subparagraph (7) of CJI 4:2:02.

Affirmed.

J. T. HAMMOND, J. (concurring). I concur in the opinion of Judges BEASLEY and GILLIS.

One issue which requires more extended discussion may be referred to as "a tale of two instructions."

The jury in every criminal case must be instructed on the presumption of innocence, the burden of proof on the prosecutor, and the definition of reasonable doubt. Under Administrative Order No. 1977-1, 399 Mich lxxii, members of the bench and bar are "urged," but not required, to use the Michigan Criminal Jury Instructions, which contain proposed instructions on these issues in CJI 3:1:02, 3:1:03, and 3:1:04 or 3:1:05.

---

[3] *People v Dellabonda,* 265 Mich 486, 513; 251 NW 594 (1933); *People v Peete,* 113 Mich App 510, 515-516; 317 NW2d 666 (1982).

[4] One of the complainants testified that "so and so" were her own words used in place of the actual phrase used by defendant.

Problems arose, among others, with CJI 3:1:12, Witnesses-Conflicting Testimony, and 3:1:10, Mixed Direct and Circumstantial Evidence. As must be obvious, conflicting testimony arises in almost every criminal case, whereas circumstantial evidence is recognized as occurring in a much smaller, though substantial, percentage of the cases.

Former instruction CJI 3:1:12 (since deleted as of July 13, 1984) contained a paragraph 3 which read as follows:

> However, if you have a reasonable doubt as to which testimony you believe, it is your duty to accept the testimony favorable to the defendant.

This instruction was based on *People v Crofoot,* 254 Mich 167; 235 NW 883 (1931). The Supreme Court declined to reverse for failure to give the *Crofoot* instruction in *People v Larco,* 331 Mich 420; 49 NW2d 358 (1951), since other instructions addressed the presumption of innocence, reasonable doubt, and the tests to be applied in determining witness credibility. Accord, *People v Berry,* 36 Mich App 1; 193 NW2d 401 (1971).

Another case emphasizing the need to read instructions as a whole is *People v Stewart,* 126 Mich App 374, 376; 337 NW2d 68 (1983), where this Court noted the Washtenaw circuit bench's belief that CJI 3:1:12(3) does not accurately state the law. A different panel of this Court was equally forthright in *People v Vernon Johnson,* 127 Mich App 587, 589-590; 339 NW2d 489 (1983), stating as follows:

> Although requested to do so, the trial judge refused to give CJI 3:1:12(3). . . . We do not believe it accurately states the law. The issue is whether there is reasonable doubt as to the guilt

of the defendant, not as to which testimony to believe. Certainly conflicting testimony may create a reasonable doubt but we find no basis for the statement that the jury has a duty to accept any testimony where there is a conflict.

When CJI 3:1:12 was deleted on July 13, 1984, by the Michigan State Bar Special Committee on Standard Criminal Jury Instructions, the committee noted:

> The essence of instructions contained in CJI 3:1:12 has been moved into more general instructions: CJI 3:1:12(2) now appears in CJI 3:1:11(2), and CJI 3:1:12(3) appears in proposed CJI 3:1:03(3).

It is worth noting that proposed CJI 3:1:03(3) was never adopted.

An instruction paralleling the late and unlamented former CJI 3:1:12(3) appeared in CJI 3:1:10(6) and (7).

Judge Learned Hand in *United States v Becker,* 62 F2d 1007, 1010 (CA 2, 1933), described a cautionary circumstantial evidence charge as "a refinement which only serves to confuse laymen into supposing that they should use circumstantial evidence otherwise than testimonial."

The United States Supreme Court has abolished the requirement of any such cautionary charge in the federal courts. See *Holland v United States,* 348 US 121, 139; 75 S Ct 127, 137; 99 L Ed 150, 166 (1954). The United States Supreme Court found an admonishment unnecessary because it considered circumstantial evidence the probative equivalent of direct evidence and because reasonable doubt instructions adequately protected a defendant from a poorly proven case. Numerous states have followed *Holland.* See, Note, *The circumstantial evidence charge in Texas criminal*

*cases: a retrograde doctrine,* 55 Tex L R 1255 (1977).

In this country, the case of *Commonwealth v Webster,* 59 Mass 295 (1850), achieved great popularity and the jury instruction repeated therein by the author, Chief Justice Shaw of Massachusetts, sounding as it did *terribly* learned, was picked up and quoted all across the country. Because Justice Shaw's words, having been repeated time and again by judges repeating them because some other judge had used them, have become very familiar to lawyers, they have therefore become as comforting as litanies repeated in other contexts.

The difference is, jury instructions are theoretically intended to be heard by lay people, to whom Chief Justice Shaw's 1850 lecture is just so much mumbo jumbo. For an entertaining and downright devastating dismemberment of Justice Shaw's recommended jury charge, see *People v Brigham,* 25 Cal 3d 283; 157 Cal Rptr 905; 599 P2d 100 (1979), especially the concurring opinion of Justice Mosk, 25 Cal 3d 292-316; 599 P2d 106-121. Not many of us will seriously claim to be able to unscramble the idea that "a moral certainty" can arise only from consideration of "moral evidence" which must be totally distinguished from "physical evidence."

Justice Shaw's words were picked up in the Michigan case of *People v Foley,* 64 Mich 148; 31 NW 94 (1887). In *People v Dellabonda,* 265 Mich 486, 513; 251 NW 594 (1933), our Supreme Court held that cautionary instructions on circumstantial evidence should be given "in all cases where the guilt or innocence of the defendant depends entirely upon circumstantial evidence."

The real problem with the cautionary instruction originally found in CJI 3:1:10(7), now CJI 4:2:02(7), like the instruction formerly found in

CJI 3:1:12(3), is that it requires the prosecution to prove its case to a higher degree of certainty than the already-high standard of proof of guilt beyond a reasonable doubt, in order to convict.

Even worse, it tells the jury that it is their "duty" to accept the construction indicating innocence. That is wrong. It is wrong to tell the jurors that they have a duty to acquit, even though they find that the people have established the guilt of the defendant beyond a reasonable doubt, just as it would be wrong to tell jurors that they may convict even if they do have a reasonable doubt as to the guilt of the defendant. The test of guilt has been, and hopefully will continue to be, whether or not the prosecution has proven the defendant's guilt beyond a reasonable doubt.

A defendant may come forth with a reasonable sounding story. A jury may find that this version of the facts is "reasonable." Nevertheless, if the jurors do not believe this "reasonable" story, and are convinced that the prosecution has proven the defendant guilty beyond a reasonable doubt, they should be allowed to convict.

I have searched the records of the Michigan Court of Appeals and the Michigan Supreme Court for every reported case in which CJI 3:1:10 or 4:2:02 has been cited. I have found no reported case in which 3:1:10(7) or 4:2:02(7) has been given after being requested by counsel. Yet, in every single case, on that issue at least, the Michigan Court of Appeals has affirmed. Over and over again, judges writing in the Court of Appeals have found some smidgen of evidence which is not circumstantial evidence (it is really extremely difficult to imagine any sort of case in which there is no evidence whatsoever other than circumstantial evidence) and therefore use of CJI 3:1:10(7) or CJI 4:2:02(7) was not required, and failure to utilize

one or the other of these instructions, or some equivalent instruction, was therefore not error requiring reversal.

It is not just enough to criticize this instruction. That has been done repeatedly. We ought to be forthright about it and simply say that this instruction, now CJI 4:2:02, is bad law, that it is erroneous, and that this instruction should never be given under any circumstances.

The only problem with that is that all of the dozens of criticisms are at the trial court and the Court of Appeals levels, and the Michigan Supreme Court has yet to officially proscribe use of this instruction, which it last considered in 1933.

The problem was probably best stated by Judge Learned Hand in his dissenting opinion in *Spector Motor Service, Inc v Walsh,* 139 F2d 809, 823 (CA 2, 1943), quoted by then Judge, now Justice Levin in his dissenting opinion in *Abendschein v Farrell,* 11 Mich App 662, 681-682, n 1; 162 NW2d 165 (1968), as follows:

> "It is always embarrassing for a lower court to say whether the time has come to disregard decisions of a higher court, not yet explicitly overruled, . . . I agree that one should not wait for formal retraction in the face of changes plainly foreshadowed; the higher court may not entertain an appeal in the case before the lower court, or the parties may not choose to appeal. In either event the actual decision will be one which the judges do not believe to be that which the higher court would make. . . . I conceive that *the measure of [the lower court's] duty is to divine, as best it can, what would be the event of an appeal in the case before it.*" [Emphasis in *Abendschein.*]

Judge Levin also noted in *Abendschein,* p 681, n 1, that Judge Clark, speaking for the majority in *Spector,* p 814, wrote:

"[O]ur function cannot be limited to a mere blind adherence to precedent. *We must determine with the best exercise of our mental powers of which we are capable that law which in all probability will be applied to these litigants or to others similarly situated.* If this means the discovering and applying of a 'new doctrinal trend' in the Court, this is our task to be performed directly and straightforwardly, rather than 'artfully' dodged. [Comment,] *The Attitude of Lower Courts to Changing Precedents,* 50 Yale L J 1448, 1459 [1941]." [Citations omitted, emphasis in *Abendschein.*]

Cases in which the Michigan Court of Appeals has refused to reverse for failure to give the instruction requested in this case by defense counsel include: *People v Chandler,* 75 Mich App 585; 255 NW2d 694 (1977); *People v Corbett,* 97 Mich App 438; 296 NW2d 64 (1980); *People v Browning,* 106 Mich App 516; 308 NW2d 264 (1981); *People v Peete,* 113 Mich App 510, 515; 317 NW2d 666 (1982); *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977); *People v Reese,* 126 Mich App 132, 135; 337 NW2d 7 (1983) (in which the Court notes: "Apparently, the Washtenaw circuit bench believes that these subparagraphs do not correctly state the law of Michigan."); *People v Hatch,* 126 Mich App 399, 403; 337 NW2d 79 (1983) (in which the Court also pointed out "[a]pparently, the Washtenaw circuit bench believes these subparagraphs do not correctly state the law of Michigan."); *People v Cook,* 131 Mich App 796, 809; 347 NW2d 720 (1984); *People v Seabrooks,* 135 Mich App 442, 454-455; 354 NW2d 374 (1984) (in which the Court noted that the giving of CJI 3:1:10(7) is confined to cases where the circumstantial evidence against the defendant is "weak," citing *People v Freeland,* 101 Mich App 501; 300 NW2d 616

(1980), lv den 417 Mich 963 (1983). The Court also noted that this instruction incorrectly suggests that a burden of proof other than that of beyond a reasonable doubt is involved whenever there is circumstantial evidence. The Court also noted that these instructions have been "disapproved" in prior Court of Appeals decisions.); *People v Frank Johnson,* 146 Mich App 429, 435-436; 381 NW2d 740 (1985) (in which the defendant argued that subsection (7) of CJI 4:2:02 requires the jury to accept defendant's theory of innocence when two reasonable explanations, one indicating guilt and the other innocence, are offered. The Court held that "[O]ther than the language in subsection (7), defendant has cited no authority, and we find none, supporting the proposition that a jury is *required* to accept defendant's theory." [Emphasis in original]. The Court cited *People v Edgar,* 75 Mich App 467, 474; 255 NW2d 648 (1977), for the proposition that it is sufficient if the prosecution proves its theory beyond a reasonable doubt in the face of whatever contradictory evidence the defense may produce.) The great majority of recent panels of this Court have followed *Edgar. People v Armentero,* 148 Mich App 120, 132; 384 NW2d 98 (1986); *People v Burgess,* 153 Mich App 715, 726; 396 NW2d 814 (1986); *People v Bell,* 155 Mich App 408, 413; 399 NW2d 542 (1986); *People v Gravedoni,* 172 Mich App 195, 196-197; 431 NW2d 221 (1988). In *Gravedoni,* this Court stated:

> We reject defendant's argument that the trial court committed error mandating reversal by refusing to read the cautionary instructions regarding the prosecutor's burden of disproving all reasonable theories of innocence when the prosecutor's case depends entirely on circumstantial evidence. CJI 4:2:02(6), (7).

A prosecutor need not specifically disprove all theories of a defendant's innocence. [Citations omitted.]

The Court went on to note that "[u]se of the Michigan Criminal Jury Instructions is not required," citing *People v Petrella,* 424 Mich 221, 277; 380 NW2d 11 (1985). *Gravedoni, supra,* p 197.

In short, if there are some circuit judges in the State of Michigan still utilizing CJI 4:2:02(7), they should be instructed not to do so.